CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CUAUHTEMOC MORENO GARCIA,
MARIA LEOCADIS CONTRERAS-
LUCIANO, and LUCERO CANTU DIRCIO,
*individually and on behalf of others similarly*
*situated,*

                          *Plaintiffs*,

         -against-

MISHKA SOHO INC. (D/B/A MISHKA
SOHO RESTAURANT), MARINA GENEL,
and ALEX FELICIANO BRAVO,

                           *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Cuauhtémoc Moreno Garcia, Maria Leocadia Contreras-Luciano, and Lucero

Cantu Dircio, individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against

Mishka Soho Inc. (d/b/a Mishka Soho Restaurant), ("Defendant Corporation"), Marina Genel

and Alex Feliciano Bravo, ("Individual Defendants"), (collectively, "Defendants"), allege as

follows:

**<u>NATURE OF ACTION</u>**

      1.    Plaintiffs are former employees of Defendants Mishka Soho Inc. (d/b/a Mishka

Soho Restaurant), Marina Genel, and Alex Feliciano Bravo.

2.    Defendants own, operate, or control a restaurant, located at 519 Broome Street, New York, NY 10013 under the name "Mishka Soho Restaurant".

3.    Upon information and belief, individual Defendants Marina Genel and Alex Feliciano Bravo, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs were employed as either kitchen assistants or dishwashers at the restaurant located at 519 Broome Street, New York, NY 10013.

5.    Plaintiff Luciano-Contreras was ostensibly employed as a waitress. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to dishwashing, cleaning the restaurant, setting up the outside of the restaurant, and stocking merchandise (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that they worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.    Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

10.    In this regard, Defendants have failed to provide timely wages to Plaintiffs Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

12.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

16.    Plaintiff Cuauhtemoc Moreno Garcia ("Plaintiff Moreno" or "Mr. Moreno") is an adult individual residing in New York County, New York.

17.    Plaintiff Moreno was employed by Defendants at 519 Broome St, New York, NY 10013 from approximately May 26, 2022 until on or about June 21, 2022.

18.    Plaintiff Maria Leocadis Contreras-Luciano ("Plaintiff Contreras-Luciano" or "Ms. Contreras-Luciano") is an adult individual residing in North Bergen County, New Jersey.

19.    Plaintiff Contreras-Luciano was employed by Defendants at 519 Broome St, New York, NY 10013 from approximately July 23, 2022 until on or about August 1, 2022.

20.    Plaintiff Lucero Cantu Dircio ("Plaintiff Cantu" or "Ms. Cantu") is an adult individual residing in Bronx County, New York.

21.    Plaintiff Cantu was employed by Defendants at 519 Broome St, New York, NY 10013 from approximately April 2022 until on or about August 13, 2022.

*Defendants*

22.    At all relevant times, Defendants owned, operated, or controlled a restaurant, located at 519 Broome Street, New York, NY 10013 under the name "Mishka Soho Restaurant".

23.    Upon information and belief, Mishka Soho Inc. (d/b/a Mishka Soho Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 519 Broome Street, New York, NY 10013.

24.    Defendant Marina Genel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marina Genel is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant

Marina Genel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Alex Feliciano Bravo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Feliciano Bravo is sued individually in his capacity as a manager of Defendant Corporation. Defendant Alex Feliciano Bravo possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a restaurant located in a neighborhood in Manhattan.

27.    Individual Defendants, Marina Genel and Alex Feliciano Bravo, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendant Marina Genel operates Defendant Corporation as either an alter ego of herself and/or failed to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporation for her own benefit as the sole or majority shareholders,

e)   operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of her own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.    During 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.    Plaintiffs are former employees of Defendants who were employed as either kitchen assistants, waitresses, and/or dishwashers.

37.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Cuauhtemoc Moreno Garcia*

38.    Plaintiff Moreno was employed by Defendants from approximately May 26, 2022 until on or about June 21, 2022.

39.    Defendants employed Plaintiff Moreno as an assistant cook.

40.    Plaintiff Moreno regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Moreno's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Moreno regularly worked in excess of 40 hours per week.

43.    From approximately May 26, 2022 until on or about June 21, 2022, Plaintiff Moreno worked one day a week from approximately 11 a.m. until on or about 10 p.m. to 12:30 a.m., and from approximately 11 a.m. until on or about 10 p.m. to 11 p.m., five days a week (typically 66 to 81 hours per week).

44.    Throughout his employment, Defendants paid Plaintiff Moreno his wages by personal check.

45.    From approximately May 26, 2022 until on or about June 21, 2022, Defendants paid Plaintiff Moreno $15.00 per hour for all hours worked.

46.    For approximately 43 hours of work, Defendants did not pay Plaintiff Moreno any wages for his work.

47.    Plaintiff Moreno's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.    For example, Defendants required Plaintiff Moreno to work an additional 2 hours before and after his scheduled departure time one or two times a week, and did not pay him for the additional time he worked.

49.    Defendants never granted Plaintiff Moreno any breaks or meal periods of any kind.

50.    Plaintiff Moreno was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Moreno regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Moreno an accurate statement of wages, as required by NYLL 195(3).

53.     Defendants did not give any notice to Plaintiff Moreno, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Maria Leocadis Contreras-Luciano*

54.     Plaintiff Contreras-Luciano was employed by Defendants from approximately July 23, 2022 until on or about August 1, 2022.

55.     Defendants employed Plaintiff Contreras-Luciano as a waitress.

56.     However, Plaintiff Contreras-Luciano was also required to spend a significant potion of her work day performing the non-tipped duties described above.

57.     Although, Plaintiff Contreras-Luciano ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

58.     Plaintiff Contreras-Luciano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Contreras-Luciano's work duties required neither discretion nor independent judgment.

60.     From approximately July 23, 2022 until on or about August 1, 2022, Plaintiff Contreras-Luciano worked approximately eight to nine hours per day, four days a week, from

approximately 12:00 p.m. until on or about 8:00 p.m. to 9:00 p.m. (typically 32 to 36 hours per week).

61.    Throughout her employment, Defendants paid Plaintiff Contreras-Luciano her wages by personal check.

62.    From approximately July 23, 2022 until on or about August 1, 2022, Defendants paid Plaintiff Contreras-Luciano $150 per day.

63.    Plaintiff Contreras-Luciano's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

64.    For example, Defendants required Plaintiff Contreras-Luciano to work an additional 1 hour after her scheduled departure time once a week, and did not pay her for the additional time she worked.

65.    Defendants withheld a portion of Plaintiff Contreras-Luciano's tips; specifically, Defendants withheld approximately $500 of the tips customers wrote in for Plaintiff Contreras-Luciano.

66.    Defendants never granted Plaintiff Contreras-Luciano any breaks or meal periods of any kind.

67.    Plaintiff Contreras-Luciano was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

68.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Contreras-Luciano regarding overtime and wages under the FLSA and NYLL.

69.    Defendants did not provide Plaintiff Contreras-Luciano an accurate statement of wages, as required by NYLL 195(3).

70.     Defendants did not give any notice to Plaintiff Contreras-Luciano, in English and in Spanish (Plaintiff Contreras-Luciano's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Lucero Cantu Dircio*

71.     Plaintiff Cantu was employed by Defendants from approximately April 2022 until on or about August 13, 2022.

72.     Defendants employed Plaintiff Cantu as a dishwasher, a kitchen assistant, and a food runner.

73.     Plaintiff Cantu regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

74.     Plaintiff Cantu's work duties required neither discretion nor independent judgment.

75.     Throughout her employment with Defendants, Plaintiff Cantu regularly worked in excess of 40 hours per week.

76.     From approximately April 2022 until on or about August 13, 2022, Plaintiff Cantu worked from approximately 10:00 a.m. to 11 a.m. until on or about 10 p.m. to 12 p.m., five days a week (typically 72 to 84 hours per week).

77.     On approximately five occasions throughout her employment, Plaintiff Cantu worked until 1:00 a.m., with no additional compensation.

78.     Throughout her employment, Defendants paid Plaintiff Cantu her wages by personal check.

79.     From approximately April 2022 until on or about June 2022, Defendants paid Plaintiff Cantu $15.00 per hour for all hours worked.

80.     From approximately July 1, 2022 until on or about July 31, 2022, Defendants paid Plaintiff Cantu $17.00 per hour for all hours worked.

81.     From approximately August 1, 2022 until on or about August 13, 2022, Defendants paid Plaintiff Cantu $16.00 per hour for all hours worked.

82.     For approximately three days, Defendants did not pay Plaintiff Cantu any wages for her work.

83.     Plaintiff Cantu's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

84.     For example, Defendants required Plaintiff Cantu to work an additional 1 to 3 hours after her scheduled departure time, and did not pay her for the additional time she worked.

85.     Defendants never granted Plaintiff Cantu any breaks or meal periods of any kind.

86.     Plaintiff Cantu was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

87.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cantu regarding overtime and wages under the FLSA and NYLL.

88.     Defendants did not provide Plaintiff Cantu an accurate statement of wages, as required by NYLL 195(3).

89.     Defendants did not give any notice to Plaintiff Cantu, in English and in Spanish (Plaintiff Cantu's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

90.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate spread of hours pay and overtime compensation as required by federal and state laws.

91.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

92.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

93.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

94.     Defendants paid Plaintiffs their wages in check.

95.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

96.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

97.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

98.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

99.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

100.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

101.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

102.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

103.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

106.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

108.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

114.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

117.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

118.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

121.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

124.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

125.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

126.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

127.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth therein.

129.    At all relevant times, Defendants were Plaintiff Contreras-Luciano's employers

within the meaning of the N.Y. Lab. Law §§ 2 and 651.

130.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

131.    Defendants unlawfully misappropriated a portion of Plaintiff Contreras-Luciano's tips that were received from customers.

132.    Defendants are liable to Plaintiff Contreras-Luciano in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(i)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(j)    Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 1, 2023

CSM LEGAL, P.C

By:   _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

catalina@csmlegal.com

August 16, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Lucero Cantu Dircio

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                       16 de agosto 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

August 16, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Cuauhtemoc  Moreno  Garcia

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                              16 de Agosto 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

August 16, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Maria Leocadis Contreras-Luciano

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:                 *Maria Contreras*

Date / Fecha:                      16 de agosto, 2022

*Certified as a minority-owned business in the State of New York*